## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                       Case No. 2:21-cr-20011-MSN-cgc

KEVIN OLANDO OMBISI, and
ERIC BERNARD RUSSELL, JR.,
a/k/a "Yo yo," a/k/a, "Big Bro,"

     Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Charmaine G. Claxton's Report and Recommendation ("Report"), entered April 22, 2022. (ECF No. 130.) The Report recommends that Defendant Eric B. Russell, Jr.'s ("Russell") Motions to Suppress Evidence from Subject Premises 5, (ECF No. 85), Subject Premises 7, (ECF No. 81), and Subject Premises 8, (ECF No. 83), as well as Defendant Kevin O. Ombisi's ("Ombisi") Motions to Suppress Evidence from Subject Premises 1, (ECF No. 99), Subject Premises 3, (*Id.*), Subject Premises 4, (ECF No. 100), and Subject Premises 6, (ECF No. 99), be denied. Ombisi and Russell filed objections to the Report on April 5th and 6th of 2022. (ECF Nos. 137, 140.) For the reasons set forth below, the Report is **ADOPTED**, and the Motions are **DENIED**.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and

enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1).  Should a party file timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3).  Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections.  Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2).  Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")  District courts must endeavor to treat a party's properly rendered objections with scrupulous care.  *See Smith v. Durham D&M LLC*, No. 19-6259, 2020 U.S. App. LEXIS 19471, at *3 (6th Cir. 2020).  However, the Court need not review — under a *de novo* or any other standard —those aspects of a report and recommendation to which no objection has been made.  *Arn*, 474 U.S. at 150–52.  "While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo*

2

review." *United States v. Matlock*, No. 2:14-cv-020075-JTF-dkv, 2015 U.S. Dist. LEXIS 12444, at *3–4 (W.D. Tenn. 2015); *see United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007).

## FINDINGS OF FACT

In her Report, Magistrate Judge Claxton discusses the factual background for the instant motions. (*See* ECF No. 130 at PageID 1858–76.) Although the parties raised legal objections to the Report, they do not challenge the Magistrate Judge's background discussion. Therefore, the Court **ADOPTS** and incorporates by reference these facts.[1]

## DISCUSSION

### A. Applicable Law

Traditionally, reviewing courts afford "great deference to a magistrate's determination of probable cause" and assess *only* whether a "substantial basis" existed for that finding. *United States v. Brown*, 732 F.3d 569, 572–73 (6th Cir. 2013). The U.S. Supreme Court cautions that reviewing courts must not "defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). "On the merits, probable cause exists under the Fourth Amendment 'when there is a fair probability, given the totality of the circumstances, that . . . evidence of a crime will be found in a particular place.'" *United States v. Perry*, 864 F.3d 412, 415 (6th Cir. 2017) (quoting *Brown*, 732 F.3d at 572). Critically, "a determination of probable cause[] must be *bound by the four corners* of the affidavit." *United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005) (emphasis added). "There must be

---

[1] The factual background in this matter is extensive and has been neatly explained by the Magistrate Judge in her Report. (*See* ECF No. 130 at PageID 1858–76.) As there have been no objections to the facts, and the Court has adopted them as written, there is no need to repeat what has already been stated and the Magistrate Judge's findings of fact are incorporated by reference.

'a nexus between the place to be searched and the evidence to be sought.'" *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc). "The critical element in a reasonable search is . . . that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).

Yet, a "bare bones" affidavit does not provide a substantial basis for probable cause. *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017)  (quoting *Laughton*, 409 F.3d at 749–50) ("A bare-bones affidavit, in turn, is commonly defined as one that states only 'suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'"); *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998) (quoting *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)).  "[A]n affidavit is not bare bones if, although falling short of the probable-cause standard, it contains 'a minimally sufficient *nexus between the illegal activity and the place to be searched*.'"  *White*, 874 F.3d at 496–97 (quoting *Carpenter*, 360 F.3d at 596) (emphasis added).

"Even if an affidavit describing a suspect's drug activity does not establish a *probable-cause nexus* between the place to be searched and the evidence of that activity, the affidavit will avoid the bare-bones label so long as it identifies a *'minimally sufficient' nexus* between the two." *United States v. Reed*, 993 F.3d 441, 451 (6th Cir. 2021) (quoting *Carpenter*, 360 F.3d at 596) (emphasis added).  The Sixth Circuit has "described a minimally sufficient nexus as one in which there is 'some connection, regardless of how remote it may have been—some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched.'" *Id.* at 451 (quoting *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018)); *Leon*, 468 U.S. at

4

905 (exclusionary rule does "not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.")

"The 'good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" *Frazier*, 423 F.3d at 533 (quoting *Id.* at 922–23 n.23.)  "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (internal quotations omitted).  Nevertheless, the good faith exception to the exclusionary rule has four important limits: (1) where the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth," *Id.* at 914; (2) if "the issuing magistrate wholly abandoned his judicial role," *id*; (3) if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *id.* at 915; and (4) if the "warrant [is] so facially deficient — *i.e.*, failing to particularize the place to be searched or the things to be seized . . . ," *id.* at 923; *see Weaver*, 99 F.3d at 1380; *Van Shutters*, 163 F.3d at 337.

### B.  Ombisi's Objection

Ombisi allges that, as to Subject Premises 1, 3, 4, and 6 only,  the Magistrate Judge "failed to review the affidavit to determine if it provided a substantial basis for the issuing magistrate to conclude that a search would uncover wrongdoing."[2]  (ECF No. 140 at PageID 1983.)  "The proper standard," argues Ombisi, "is for the magistrate judge to conduct an independent review of the

---

[2] The affidavit was submitted by Special Agent Paul Cox ("Agent Cox").  (ECF No. 82.)

affidavit to confirm that the affidavit contained a substantial basis for the issuing magistrate to conclude there was probable cause . . . ." (*Id.*) Put differently, Ombisi asserts that Agent Cox's Affidavit failed to provide a proper nexus to justify the issuing magistrate's probable cause finding. He extends this argument, made in the Subject Premises 1 context, to the Report's conclusions on Subject Premises 3, 4, and 6. (*Id.* at PageID 1983–84.)

Here, the Report is ***replete*** with instances where Magistrate Judge Claxton engaged with and analyzed information within the four corners of Agent Cox's Affidavit when she reviewed the issuing magistrate's probable cause determination. *First*, regarding Subject Premises 1, she found "[a]fter reviewing the Affidavit" that Ombisi drove from Subject Premises 1 to the Fleetwood Post Office where he mailed a parcel, which was later intercepted and "found to contain 4.22 grams of tablets bearing markings consistent with previous undercover purchases . . . " and contained methamphetamine. (ECF No. 130 at PageID 1183–84.) Again, specifically drawing from the Affidavit, Magistrate Judge Claxton notes that Subject Premises 1 is listed as a billing address for CARDINGMASTER and on financial records associated therewith.[3] (*Id.* at PageID 1884.)

*Second*, regarding Subject Premises 3, the Magistrate Judge's independent review of Agent Cox's Affidavit reveals a series of instances where GPS location data showed Ombisi had mailed parcels containing methamphetamine to undercover agents. (ECF No. 130 at PageID 1885.) Ombisi's objection ignores these findings and analysis. Instead, Ombisi focuses on an ancillary sentence from the analysis that he has misquoted out of context.[4] (ECF No. 140 at PageID 1984.)

---

[3] "CARDINGMASTER" is the online moniker that Ombisi and Russell have been charged with using to "participat[e] in Darknet controlled substances trafficking activities." (ECF No. 57 at PageID 211.)

[4] Ombisi argues that the "reviewing magistrate supports her denial by stating, 'Ombisi has not argued that these allegations repeatedly tying him to Subject Premises 3 on dates when he is believed to be shipping USPS packages for CARDINGMASTER are insufficient to establish the [requisite] such that the issuing magistrate judge acted arbitrarily.'" (ECF No. 140 at PageID

*Third*, the reviewing Magistrate Judge made specific findings based on the "entirety of the Affidavit" that Ombisi paid for the storage unit at Subject Premises 4 on at least two occasions and accessed it "on three dates where evidence demonstrates that Ombisi later proceeded to . . . mail[] twenty-five parcels associated with CARDINGMASTER." (ECF No. 130 at PageID 1886.) The Report also notes, and this Court can confirm, that Agent Cox's Affidavit discusses "Ombisi . . . on surveillance footage exiting Subject Premises 4 with a USPS mailing box." (*Id.*; *see* ECF No. 82 at PageID 35–36.) Ombisi neglects to dispute the foregoing analysis in the Report, which undermines his assertion that "the magistrate judge again failed to independently review the affidavit." (ECF No. 140 at PageID 1984.)

*Fourth*, the Magistrate Judge determined from her review of the Affidavit that Ombisi "spent the most time at" Subject Premises 6 on the date he mailed "a total of forty-six parcels associated with CARDINGMASTER." (ECF No. 130 at PageID 1886–87; *see* ECF No. 82 at PageID 32–33.) These findings clearly belie Ombisi's assertion that the reviewing Magistrate Judge failed to conduct an "independent review" of Agent Cox's Affidavit as the law requires. Therefore, because the reviewing Magistrate Judge did in fact independently review — indeed, often in painstaking detail — the information contained within the four corners of Agent Cox's Affidavit as to Subject Premises 1, 3, 4, and 6, the Court is satisfied she did not commit any legal error and Ombisi's Objection to the Report must therefore be **OVERRULED**.

---

1984.) Notwithstanding his misquotation, Ombisi glaringly *omits* the first word from this sentence as it appears in the Report: "**Additionally**." (ECF No. 130 at PageID 1885.) Contrary to Ombisi's representation, the Magistrate Judge had other bases for her opinion on the nexus tying Ombisi to Subject Premises 3 and *did not* base her opinion exclusively on Ombisi's lack of proof. Still, it is worth noting that Ombisi did not address these other bases, or the Magistrate Judge's depiction of them, in his timely-filed objection.

## C. Russell's Objections

Unlike his counterpart, Russell articulates his five objections to the Report generally and does not identify them by Subject Premises. Keeping with this approach, and for clarity, the Court will analyze each objection individually and its analysis should be presumed to apply to all Subject Premises, namely 1, 3, 4, 5, 6, 7, and 8.

### a. Objection #1: Whether the Affidavit Actually Attributed Illegal Conduct to Russell and Whether Russell Knew About Ombisi's Illegal Crypto Activities.

Russell argues that "[n]one of the conduct attributed to [him] in the affidavits is facially illegal" and that no "information in the affidavit suggest[s] [he] had any knowledge of Ombisi's illegal activities." (ECF No. 137 at PageID 1967.) Specifically, it is argued that: (a) Russell's "alleged access[5] of Ombisi's cryptocurrency account from an IP address associated with Mr. Russell" reflects nothing more than that Russell and Ombisi "were involved in a cryptocurrency exchange," which itself is perfectly legal, and (b) "there is no allegation or information suggesting Mr. Russell received, stored, or shipped drugs through his residence." (*Id.* at PageID 1967–68) Russell does not cite any portions of the Report to which he *specifically* refers.

To begin, the Report devotes a *full section* to "Russell's Connections to Criminal Activity" in which the Magistrate Judge addresses, among other arguments by Russell: (a) the claim that "cryptocurrency records show that an account linked to Ombisi was accessed on five occasions from an IP address servicing [what] . . . agents believed to be Russell's residence" and (b) that "the Affidavit does not provide any specific information indicating [Russell] possessed drugs, helped Ombisi ship drugs, or knew that Ombisi was involved in shipping drugs." (ECF No. 130 at PageID 1887–88.) As to these arguments, the Magistrate Judge determined that the totality of

---

[5] Russell argues that the Affidavit's failure to define "access" delegitimizes the issuing magistrate's finding of probable cause because nothing indicates such access culminated in him having "received, stored, or shipped drugs through his residence." (ECF No. 137 at PageID 1968.)

the circumstances favor a probable cause finding because: (1) Russell "conversed with Ombisi about large numbers of USPS shipments, the encryption application Wickr, NordVPN, and cryptocurrency"; (2) "Russell was then found to have a mnemonic access code to an Empire Market account . . . when CARDINGMASTER was known to be selling methamphetamine" there; and (3) "a cryptocurrency account registered in Ombisi's name was accessed five times from an IP address servicing what is believed to be Russell's residence." (*Id.* at 1889–90.)

Here, Russell essentially repeats the arguments he made before the Magistrate Judge without identifying *specific* objections to the Report's rationale. The only difference here is that his objection submits the third fact — that Ombisi's cryptocurrency account was accessed five times from an IP address servicing his alleged residence — does not indicate criminal activity on its own because Agent Cox failed to define "access". (ECF No. 137 at PageID 1968.) However, just because "incidents individually may be susceptible to an innocent explanation does not undermine the . . . court's probable cause determination." *United States v. Dodds*, No. 3:18-cr-730, 2021 WL 698657, at *7 (N.D. Ohio 2021). Indeed, the Sixth Circuit has made clear that affidavits must be evaluated as a whole and not line-by-line, *see, e.g.*, *United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019), and frowns upon "hypertechnical" readings that "engag[e] in line-by-line scrutiny" rather than a "commonsense" assessment that contemplates the "totality of the circumstances." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). Moreover, "[t]he magistrate's determination of probable cause is afforded great deference, and that determination should be reversed only if the magistrate arbitrarily exercised his discretion." *Id.* (citing *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). The Court finds that the reviewing Magistrate Judge did not err when she relied on (a) conversations between Ombisi and Russell, (b) the IP address, and (c) access to Ombisi's cryptocurrency accounts to conclude that "there is a fair

probability, given the totality of the circumstances, that . . . evidence of a crime will be found" at Russell's residence.   *Brown*, 732 F.3d at 572.   Therefore, Russell's first Objection is **OVERRULED**.

> ### b. Objection #2: Whether the Magistrate Judge Erred When She Denied Russell's Request for a Franks Hearing.

Under *Franks v. Delaware*, 438 U.S. 154 (1978), criminal defendants will be entitled to a hearing to challenge their warrant affidavits on the basis that such affidavits "contain misrepresentations that undermine the finding of probable cause." *United States v. Hampton*, 760 F. App'x 399, 404 (6th Cir. 2019) (citing *Franks*, 438 U.S. at 171).   "To be granted a *Franks* hearing, '[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'"   *Id.* (quoting *Franks*, 438 U.S. at 171–72.)   "When there is a material omission of fact, a *Franks* hearing is granted only if the defendant 'makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause[.]'"   *Id.* (quoting *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)) (emphasis in original).

Russell reasserts that he "is entitled to a *Franks* hearing based on the material omissions and misrepresentations in the affidavits supporting the search warrants for Mr. Russell's storage unit and house."   (ECF No. 137 at PageID 1968.)   Specifically, he argues that "the supporting affidavit falsely alleges that Mr. Russell provided a fake address to the storage company to 'conceal' his activities from law enforcement" and that "[t]he Magistrate Judge erred in finding this false statement does not reflect a reckless disregard for the truth."   (ECF No. 137 at PageID 1968.)   However, the reviewing Magistrate Judge heard and disposed of this exact same argument because Russell has not shown that Agent Cox alleged Russell used a fake storage company

10

address with "*an intention to mislead.*"[6]  *Mays*, 134 F.3d at 816.  Russell has not provided *any*

additional *new* facts or evidence, beyond his conclusory statements, to substantiate his assertions

that Agent Cox (1) *intentionally* mislead the issuing magistrate with a false statement about the

storage facility address or (2) by omitting geolocation data from his affidavit; consequently, this

Court sees no reason why it ought not adopt the reviewing Magistrate Judge's recommendation

that Russell's request for a *Franks* hearing be denied.  While abundantly clear to the Court that

Russell disagrees with Magistrate Judge Claxton's decision to deny his requested hearing, he has

not established that her analysis was besmirched by any ***legal error***.  After all, and as previously

stated, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate

[judge]'s suggested resolution, or simply summarizes what has been presented before, is not an

'objection' as that term is used in this context."[7]  *Aldrich*, 327 F. Supp. 2d at 747.  Therefore,

because Russell has not raised a novel argument or otherwise shown how Agent Cox intentionally

misled the issuing magistrate,[8] his second objection to the Report is **OVERRULED**.

---

[6] The Sixth Circuit italicized this language when it appeared in *Hampton*, which ***strongly*** indicates the importance of an intent showing for a *Franks* hearing.  760 F. App'x at 404.  "A *Franks* violation . . . require[s] a showing of intent[.]"  *Mays*, 134 F.3d at 816.

[7] "Courts in the Sixth Circuit have routinely held that objections that merely restate the arguments previously presented are improper."  *D.S. v. Knox Cnty.*, No. 3:20-cv-240, 2022 WL 885851, at *10 (E.D. Tenn. 2022); *see United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, *1 (E.D. Ky. 2017) ("Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") (citations omitted); *United States v. Bowers*, No. 0:06-cv-7, 2017 WL 6606860, at *1 (E.D. Ky. 2017) ("Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails to put the Court on notice of any potential errors in the Magistrate's R&R.") (citations omitted); *see also United States v. Evans*, Civ. Act. No. 17-127, Crim. Act. No. 13-22, 2019 WL 1077371, *4 (E.D. Ky. 2019) ("A mere disagreement with the Magistrate Judge's conclusion is not an objection as required by the Federal Rules of Criminal Procedure.").

[8] That a defendant's allegations "must be more than conclusory" to necessitate a *Franks* hearing cannot be overstated.  *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (citing *Franks*, 438 U.S. at 171).  And *Franks* hearings are only appropriate in "rare instances."  *United*

### c.   Objection #3: Whether an Alleged Violation of the "Knock and Announce Rule" Warrants Suppression.

Russell objects to "the Magistrate Judge's failure to address [his] argument for suppression of evidence seized from his residence based on the officers' . . . violation of the 'knock and announce' rule . . . ."  (ECF No. 137 at PageID 1969.)  He argues that suppression is the clear remedy for such a violation under *United States v. Smith*, 386 F.3d 753, 758 (6th Cir. 2004). However, two years after the Sixth Circuit decided *Smith*, the U.S. Supreme Court held that knock and announce violations do not trigger the exclusionary rule.  *See Hudson v. Michigan*, 547 U.S. 586, 599 (2006).  Justice Scalia, writing for the *Hudson* majority, explained that, "the social costs of applying the exclusionary rule to knock-and-announce violations are considerable . . . ."  *Id.* The Sixth Circuit, in recent years has dutifully applied *Hudson*.  *See United States v. Roberge*, 565 F.3d 1005, 1010 (6th Cir. 2009) ("suppression is not a remedy for a violation of the knock-and-announce rule"); *United States v. Mendizabal*, 214 F. App'x 496, 500 (6th Cir. 2006).  Bound by this precedent, the Court is compelled to find that even if a knock and announce violation occurred suppression is not the remedy.  *See, e.g.*, *United States v. Houston*, 1:12-CR-80, 2013 WL 1247677, at *1 (E.D. Tenn. 2013) (finding suppression not appropriate for knock-and-announce violation during residential search); *United States v. Israel*, No. 5:14-98-DCR-CJS, 2018 U.S. Dist. LEXIS 34542, at *51 (E.D. Ky. 2018).  Therefore, the law requires that Russell's third objection to the Report be **OVERRULED**.

### d.   Objection #4: Whether the Magistrate Judge Erroneously Applied the Good Faith Exception to All Searches at Issue.

Russell insists that the Magistrate Judge improperly applied the good faith exception to the instant searches.  (ECF No. 137 at PageID 1970.)  However, his only stated grounds for this

---

*States v. Tate*, No. 21-3436, 2022 WL 1224552, at *4 (6th Cir. 2022) (citing *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001)).

objection are the alleged *Franks* violations he previously alleged and which the Court deemed meritless when it overruled his second objection.   While true that the Sixth Circuit has "repeatedly held that the good-faith exception does not apply when 'the supporting affidavit contained knowing or reckless falsity' in violation of *Franks*," here Russell has failed to establish that Agent Cox's Affidavit was issued with "knowing and reckless falsity."   *United States v. Abernathy*, 843 F.3d 243, 257 (6th Cir. 2016) (citations omitted).   Therefore, because Russell has (a) not established a *Franks* violation with any new argument and (b) failed to meet the legal standard for doing so, the Court concludes that his fourth objection must be **OVERRULED**.

> ### e.   Objection #5: Whether Affidavits Supporting the Warrants Lacked Indicia of Probable Cause and Thus the Issuing Magistrate Unreasonably Relied on Them.

Finally, Russell argues that "the affidavits supporting the warrants were all so facially lacking in any indicia of probable cause tying Mr. Russell to the alleged criminal activity that the issuing magistrate's reliance on the affidavits was unreasonable."   (ECF No. 137 at PageID 1970.) He concludes that "facially innocuous conduct"— *e.g.*, renting a safety deposit box, storage unit, and making bank deposits, et al. — should not be taken "to establish probable cause" and the "affiant's interpretation and description of this conduct as inherently suspicious or indicative of drug distribution was unreasonable given the lack of other information tying Mr. Russell to criminal activity."   (*Id.* at PageID 1970–71.)   However, these conclusory remarks ignore the Report, in which the Magistrate Judge discusses in assiduous detail a panoply of "ties" throughout a section entitled "Russell's Connections to Criminal Activity."   (*See* ECF No. 130 at PageID 1887–90.)   Russell's objection does not reference this analysis, let alone challenge it, and thus cannot fairly be designated a "specific" objection.   Fed. R. Crim. P. 59(b)(2); *see Yukins*, 7 F. App'x at 356 (conclusory or vague objections are "tantamount to a complete failure to object."); *Stuart*, 507 F.3d at 396 (valid objections must be more than conclusory).   Even if the Court accepts

13

that the activities discussed by Russell are "facially innocuous," such a finding would not rebuff the Magistrate Judge's legal conclusion that the *totality of the circumstances* in Agent Cox's Affidavit reasonably establish a probable cause nexus. *See Perry*, 864 F.3d at 415 (affidavits should be assessed under the totality of the circumstances); *Christian*, 925 F.3d at 311 (same). Therefore, without more, the Court concludes that the Magistrate Judge has not committed legal error and Russell's fifth discernable objection to the Report is **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report, (ECF No. 130), is **ADOPTED** in its entirety.  Russell's Motions to Suppress Evidence from Subject Premises 5, (ECF No. 85), Subject Premises 7, (ECF No. 81), and Subject Premises 8, (ECF No. 83), as well as Ombisi's Motions to Suppress Evidence from Subject Premises 1, (ECF No. 99), Subject Premises 3, (*Id.*), Subject Premises 4, (ECF No. 100), and Subject Premises 6, (ECF No. 99), are hereby **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE