# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 2:21-cr-20011-MSN-cgc

KEVIN OLANDO OMBISI, and
ERIC BERNARD RUSSELL, JR.,
a/k/a "Yo yo," a/k/a, "Big Bro,"

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

    Before the Court is Magistrate Judge Charmaine G. Claxton's Report and Recommendation ("Report"), entered April 22, 2022. (ECF No. 132.) The Report recommends that Defendant Kevin O. Ombisi's ("Ombisi") Motion to Suppress Evidence from Obtained Pursuant to Search Warrants for Apple iCloud Records, (ECF No. 97), be denied. Ombisi objected to the Report on May 7, 2022. (ECF No. 141.) For the reasons set forth below, the Report is **ADOPTED**, and the Motion is **DENIED**.

### STANDARD OF REVIEW

    Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). Should a party file timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the

recommendation." Fed. R. Crim. P. 59(b)(3).  Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections.  Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2).  Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")  District courts must endeavor to treat a party's properly rendered objections with scrupulous care. *See Smith v. Durham D&M LLC*, No. 19-6259, 2020 U.S. App. LEXIS 19471, at *3 (6th Cir. 2020).  However, the Court need not review — under a *de novo* or any other standard —those aspects of a report and recommendation to which no objection has been made. *Arn*, 474 U.S. at 150–52.  "While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review." *United States v. Matlock*, No. 2:14-cv-020075-JTF-dkv, 2015 U.S. Dist. LEXIS 12444, at *3–4 (W.D. Tenn. 2015); *see United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007).

## FINDINGS OF FACT

In her Report, Magistrate Judge Claxton discusses the factual background for Ombisi's instant Motion to Suppress. (*See* ECF No. 132 at PageID 1917–25.) Although Ombisi raised legal objections to the Report, he has not challenged the Magistrate Judge's background discussion. Therefore, the Court **ADOPTS** and incorporates by reference these facts.[1]

## DISCUSSION

### A. Applicable Law

Traditionally, reviewing courts afford "great deference to a magistrate's determination of probable cause" and assess *only* whether a "substantial basis" existed for that finding. *United States v. Brown*, 732 F.3d 569, 572–73 (6th Cir. 2013). The U.S. Supreme Court cautions that reviewing courts must not "defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). "On the merits, probable cause exists under the Fourth Amendment 'when there is a fair probability, given the totality of the circumstances, that . . . evidence of a crime will be found in a particular place.'" *United States v. Perry*, 864 F.3d 412, 415 (6th Cir. 2017) (quoting *Brown*, 732 F.3d at 572). Critically, "a determination of probable cause[] must be *bound by the four corners* of the affidavit." *United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005) (emphasis added). "There must be 'a nexus between the place to be searched and the evidence to be sought.'" *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.

---

[1] The factual background in this matter is extensive and has been neatly explained by the Magistrate Judge in her Report. (*See* ECF No. 130 at PageID 1858–76.) As there have been no objections to the facts, and the Court has adopted them as written, there is no need to repeat what has already been stated and the Magistrate Judge's findings of fact are incorporated by reference.

2004) (en banc). "The critical element in a reasonable search is . . . that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).

Yet, a "bare bones" affidavit does not provide a substantial basis for probable cause. *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017) (quoting *Laughton*, 409 F.3d at 749–50) ("A bare-bones affidavit, in turn, is commonly defined as one that states only 'suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'"); *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998) (quoting *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)). "[A]n affidavit is not bare bones if, although falling short of the probable-cause standard, it contains 'a minimally sufficient *nexus between the illegal activity and the place to be searched*.'" *White*, 874 F.3d at 496–97 (quoting *Carpenter*, 360 F.3d at 596) (emphasis added).

"Even if an affidavit describing a suspect's drug activity does not establish a *probable-cause nexus* between the place to be searched and the evidence of that activity, the affidavit will avoid the bare-bones label so long as it identifies a *'minimally sufficient' nexus* between the two." *United States v. Reed*, 993 F.3d 441, 451 (6th Cir. 2021) (quoting *Carpenter*, 360 F.3d at 596) (emphasis added). The Sixth Circuit has "described a minimally sufficient nexus as one in which there is 'some connection, regardless of how remote it may have been—some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched.'" *Id.* at 451 (quoting *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018)); *Leon*, 468 U.S. at 905 (explaining that the exclusionary rule does "not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.").

"The 'good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" *Frazier*, 423 F.3d at 533 (quoting *Id.* at 922–23 n.23). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (internal quotations omitted). Nevertheless, the good faith exception to the exclusionary rule has four important limits: (1) where the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth," *Id.* at 914; (2) if "the issuing magistrate wholly abandoned his judicial role," *id*; (3) if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *id.* at 915; and (4) if the "warrant [is] so facially deficient — *i.e.*, failing to particularize the place to be searched or the things to be seized . . . ," *id.* at 923; *see Weaver*, 99 F.3d at 1380; *Van Shutters*, 163 F.3d at 337.

B. **Ombisi's Objection**

Ombisi's lone objection to the Report alleges that "the reviewing magistrate failed to review the affidavit to determine if it provided a substantial basis for the issuing magistrate to conclude that a search warrant would uncover wrongdoing." (ECF No. 141 at PageID 1988.) After reviewing the Report, this Court cannot agree for three reasons. First, as a threshold matter, Ombisi has failed to articulate a specific objection under Fed. R. Crim. P. 59(b)(2) to any analysis rendered by the reviewing Magistrate Judge. His objection that the Magistrate Judge failed to independently review the underlying affidavits simply lacks the specificity required by law

because it does not identify specific issues of contention and leaves this Court undirected to the areas of analysis purportedly in dispute. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.")

Second, to the extent Ombisi's assertion that the Magistrate Judge recommended denying his motion "absent a specific argument as to whether probable cause supported the first or second warrants" constitutes a cognizable objection, it is unavailing. The Magistrate Judge addressed each warrant in turn; beginning with the first, (ECF No. 90), she distinguished Russell's lone argument—as incorporated by reference in Ombisi's motion, (ECF No. 97)—under *Riley v. California*, 573 U.S. 373, 396-397 (2014) on the basis that *Riley* "considered *warrantless* searches of cellular phones, which is not an issue" presented in this matter. (ECF No. 132 at PageID 1926) (emphasis in original). Ombisi's objection does not dispute the Magistrate Judge's characterization of *Riley* and this Court can discern no basis to render it invalid as a matter of law. Turning to the second warrant, (ECF No. 90-1), the Magistrate Judge specifically found that the affidavit supporting this warrant relied on information discovered pursuant to the first warrant which allowed a GPS tracking device to be placed on Ombisi's car and therefore concluded that probable cause existed. (ECF No. 132 at PageID 1927–28.) Ombisi's objection does not address this analysis.

Third, *even if* the reviewing Magistrate Judge failed to independently review the affidavits supporting the search warrants, close inspection of the affidavits themselves leaves no doubt that the issuing Magistrate had a "substantial basis for determining the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 915 (1984). Both search warrants and accompanying

affidavits cite the same a series of specific facts as evidence of criminal activity: communications (a) "arranging the sale of unlawful substances with co-conspirators regarding the distribution of illegal drugs"; (b) "related to the formation of a post office box[] and postage accounts for the distribution of illegal substances"; (c) about "account activity related to the purchase of supplies and packaging materials for the purposes of distributing illegal substances"; as well as (d) text messages, (e) phone call histories, and other (f) multimedia (*e.g.*, photos and videos) related to drug distribution.  (ECF No. 90 at PageID 828; ECF No. 90-1 at PageID 857.)  The second affidavit also informed the issuing Magistrate how available postal records revealed "that the vast majority of the larger shipments" of packages containing illegal narcotics were being sent from Katy, Texas to Ombisi in San Antonio, TX and that it therefore "appears from these records that Kevin Ombisi was the recipient of at least 20 pieces of Priority Mail Medium Flat Rate Boxes bearing USPS postage purchased by an account known to be used to purchase postage for the distribution of illegal drugs, some of which were delivered to the [affiant]."  (ECF No. 90-1 at PageID 861–62.)  These facts are plainly sufficient to find a substantial basis for probable cause, and the Court need not scrutinize the affidavits further on review.  *See United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) ("Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner.")

      Ombisi does not challenge this information either in his objection or original motion and the foregoing factual bases convince the Court, considering the totality of the circumstances, that a substantial basis for probable cause existed for the first search warrant because the affidavits specifically indicate a fair probability that evidence of unlawful activity (illegal drug distribution) would be found in a particular place (an iCloud account with stored text messages and multimedia). *See United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) ("Probable cause exists when

there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a *particular place*.") (emphasis added). Finally, as a final consideration, "reviewing courts are to accord the magistrate's determination 'great deference.'" *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (quoting *Gates*, 462 U.S. at 236). Therefore, affidavits point to a "nexus between the place to be searched and the evidence sought," *United States v. Van Shutters*, 163 F.3d 331, 336–37 (6th Cir. 1998), that "set[s] forth sufficient facts that incriminating evidence would be found *there*," *Carpenter*, 360 F.3d at 594 (emphasis in original), and the Court concludes that the issuing Magistrate had a substantial basis to find probable cause and issue the requested warrants.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED**, the objection is **OVERRULED**, and the Motion to Suppress, (ECF No. 97), is **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE