IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 2:21-cr-20011-MSN-cgc

KEVIN OLANDO OMBISI, and
ERIC BERNARD RUSSELL, JR.,
a/k/a "Yo yo," a/k/a, "Big Bro,"

    Defendants.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

    Before the Court is Magistrate Judge Charmaine G. Claxton's Report and Recommendation ("Report"), entered April 22, 2022. (ECF No. 133.) The Report recommends that Defendant Kevin O. Ombisi's ("Ombisi") Motion to Suppress [Evidence] Obtained Pursuant to Search and Seizure Warrant for Priority [Mail] Parcel 9405511699000517811079, (ECF Nos. 110 & 111) ("Fleetwood Parcel"), be denied. Ombisi objected to the Report on May 6, 2022. (ECF No. 139.) For the reasons below, the Report is **ADOPTED**, and the Motion is **DENIED**.

### STANDARD OF REVIEW

    Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). Should a party file timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the

recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") District courts must endeavor to treat a party's properly rendered objections with scrupulous care. *See Smith v. Durham D&M LLC*, No. 19-6259, 2020 U.S. App. LEXIS 19471, at *3 (6th Cir. 2020). However, the Court need not review — under a *de novo* or any other standard —those aspects of a report and recommendation to which no objection has been made. *Arn*, 474 U.S. at 150–52. "While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review." *United States v. Matlock*, No. 2:14-cv-020075-JTF-dkv, 2015 U.S. Dist. LEXIS 12444, at *3–4 (W.D. Tenn. 2015); *see United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007).

**FINDINGS OF FACT**

In her Report, Magistrate Judge Claxton discusses the factual background for Ombisi's instant Motion to Suppress. (*See* ECF No. 133 at PageID 1929–36.) Although Ombisi raised legal objections to the Report, he has not challenged the Magistrate Judge's background discussion. Therefore, the Court **ADOPTS** and incorporates by reference these facts.[1]

**DISCUSSION**

A. Applicable Law

Traditionally, reviewing courts afford "great deference to a magistrate's determination of probable cause" and assess *only* whether a "substantial basis" existed for that finding. *United States v. Brown*, 732 F.3d 569, 572–73 (6th Cir. 2013). The U.S. Supreme Court cautions that reviewing courts must not "defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). "On the merits, probable cause exists under the Fourth Amendment 'when there is a fair probability, given the totality of the circumstances, that . . . evidence of a crime will be found in a particular place.'" *United States v. Perry*, 864 F.3d 412, 415 (6th Cir. 2017) (quoting *Brown*, 732 F.3d at 572). Critically, "a determination of probable cause[] must be *bound by the four corners* of the affidavit." *United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005) (emphasis added). "There must be 'a nexus between the place to be searched and the evidence to be sought.'" *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.

---

[1] The factual background in this matter is extensive and has been neatly explained by the Magistrate Judge in her Report. (*See* ECF No. 130 at PageID 1858–76.) As there have been no objections to the facts, and the Court has adopted them as written, there is no need to repeat what has already been stated and the Magistrate Judge's findings of fact are incorporated by reference.

2004) (en banc). "The critical element in a reasonable search is . . . that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).

Yet, a "bare bones" affidavit does not provide a substantial basis for probable cause. *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017) (quoting *Laughton*, 409 F.3d at 749–50) ("A bare-bones affidavit, in turn, is commonly defined as one that states only 'suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'"); *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998) (quoting *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)). "[A]n affidavit is not bare bones if, although falling short of the probable-cause standard, it contains 'a minimally sufficient *nexus between the illegal activity and the place to be searched*.'" *White*, 874 F.3d at 496–97 (quoting *Carpenter*, 360 F.3d at 596) (emphasis added).

"Even if an affidavit describing a suspect's drug activity does not establish a *probable-cause nexus* between the place to be searched and the evidence of that activity, the affidavit will avoid the bare-bones label so long as it identifies a *'minimally sufficient' nexus* between the two." *United States v. Reed*, 993 F.3d 441, 451 (6th Cir. 2021) (quoting *Carpenter*, 360 F.3d at 596) (emphasis added).  The Sixth Circuit has "described a minimally sufficient nexus as one in which there is 'some connection, regardless of how remote it may have been—some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched.'" *Id.* at 451 (quoting *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018)); *Leon*, 468 U.S. at 905 (exclusionary rule does "not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.")

4

"The 'good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" *Frazier*, 423 F.3d at 533 (quoting *Id.* at 922–23 n.23.) "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (internal quotations omitted).  Nevertheless, the good faith exception to the exclusionary rule has four important limits: (1) where the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth," *Id.* at 914; (2) if "the issuing magistrate wholly abandoned his judicial role," *id*; (3) if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *id.* at 915; and (4) if the "warrant [is] so facially deficient — *i.e.*, failing to particularize the place to be searched or the things to be seized . . . ," *id.* at 923; *see Weaver*, 99 F.3d at 1380; *Van Shutters*, 163 F.3d at 337.

### B. Ombisi's Objections

Ombisi raises two objections to the Report.  First, he contends that the "reviewing magistrate judge failed to make a determination that the information set forth in the affidavit formed a substantial basis to support a finding of probable cause" and instead "erroneously based her decision on the issuing judge's discretion to interpret the facts and that there was nothing to show that the issuing judge 'could not have found' probable cause . . . ." (ECF No. 139 at PageID 1978.)  Second, he argues that the reviewing Magistrate Judge erred when she denied his request

5

for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The Court will address both objections in turn.

**Ombisi's first objection** alleges that the reviewing Magistrate Judge applied the "wrong legal standard." (ECF No. 139 at PageID 1976.) The Sixth Circuit has explained that "[t]he standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). On review, the issuing magistrate judge's decision to issue a warrant "should not be set aside unless arbitrarily exercised." *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). "Probable cause exists 'when there is a "fair probability," given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place.'" *Greene*, 250 F.3d at 479 (quoting *Davidson*, 936 F.2d at 859). Furthermore, "[s]earch warrant affidavits are to be judged on the totality of the circumstances, not line-by-line scrutiny." *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010); *see United States v. Alexander*, No. 2:18-CR-34(13), 2019 WL 287326, at *25 (E.D. Tenn. 2019).

Here, the reviewing Magistrate Judge provided a detailed discussion of the facts in the underlying Affidavit tendered by a United States Postal Inspection Service ("USPIS") Inspector, Joseph MacDougall ("Inspector MacDougall"). (ECF No. 133 at PageID 1929–36.) The Report recounts how Inspector MacDougall obtained CCTV footage that showed Ombisi enter the Fleetwood Post Office and remove numerous small flat-rate priority-mail boxes from a large white shopping bag and deposit them into the lobby parcel drop, all of which Inspector MacDougall later confirmed bore the "D&B Accessories" address "consistent with previous undercover purchases from Ombisi that contained counterfeit pills." (ECF No. 133 at PageID 1935.) The Report

6

acknowledges that the Affidavit also informed the issuing Magistrate Judge that Inspector MacDougall identified Ombisi departing his apartment premises with a large white shopping bag, (*id.* at PageID 1935), in his black Volkswagen Jetta just forty-two minutes before the parcels were deposited at the Fleetwood Post Office. (*Id.*) The totality of these circumstances strongly indicates that "there is a 'fair probability' . . . that contraband or evidence of a crime will be found," *Thomas*, 605 F.3d at 307 (quoting *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003), in the Fleetwood Parcel because it (1) was identified at the Fleetwood Post Office, (2) in close proximity to Ombisi's visit, (3) with the "D&B Accessories" address, and (4) "[t]here were no other parcels in the outbound bin using small, flate-rate parcels such a the those that the video footage showed Ombisi depositing." (*Id.* at PageID 1935–36.) Therefore, the Court agrees with the reviewing Magistrate Judge's conclusion that the challenged Affidavit, (ECF No. 111), provided the issuing Magistrate Judge with "reasonable grounds for belief" that evidence of a crime would be found in the parcel.[2] *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Therefore, Ombisi's first objection is hereby **OVERRULED**.

***Ombisi's second objection*** alleges that the reviewing Magistrate Judge erroneously denied his request for a *Franks* hearing because "there were clearly material omissions in the affidavit designed to mislead the issuing magistrate." (ECF No. 139 at PageID 1979.) Under *Franks*,

---

[2] Ombisi makes much of the Report's observations that, in certain instances, there would have been no basis to conclude that the issuing Magistrate "could not have found probable cause by weighing the totality of the circumstances." (ECF No. 139 at PageID 1978.) While true that the Report does not walkthrough the affidavit in its analysis section, it does contain ample information to support a finding of probable cause in its background discussion that presents a host of factors that indicate a fair probability that evidence of a crime would be found in the Fleetwood Parcel. (ECF No. 133 at PageID 1929–36.) Therefore, while the Report does not hyper-technically analyze the Affidavit line-by-line, it does contain sufficient information from the Affidavit to support a "commonsense" conclusion that the issuing Magistrate did not arbitrarily render his probable cause determination under the "totality of the circumstances." *Thomas*, 605 F.3d at 307.

criminal defendants will be entitled to a hearing to challenge their warrant affidavits on the basis that such affidavits "contain misrepresentations that undermine the finding of probable cause." *United States v. Hampton*, 760 F. App'x 399, 404 (6th Cir. 2019) (citing *Franks*, 438 U.S. at 171). "To be granted a *Franks* hearing, '[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'" *Id.* (quoting *Franks*, 438 U.S. at 171–72.) "When there is a material omission of fact, a *Franks* hearing is granted only if the defendant 'makes a strong preliminary showing that the affiant with an *intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause[.]'" *Id.* (quoting *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998)) (emphasis in original).

As discussed in the Report, the Affidavit sets out an inexhaustive list of characteristics that USPIS submits, when two or more are present, indicate a package has a "high probability" of being involved in criminal narcotics distribution.[3] (ECF No. 133 at PageID 1938–39.) Specifically, Ombisi's objection alleges that (a) the Fleetwood Parcel did not exhibit any of these characteristics and therefore should not have been deemed a suspicious parcel and (b) Inspector MacDougall

---

[3] "Additionally, this analysis has established a series of characteristics, which, when found in combination of two (2) or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales or moneys furnished or intended to be furnished in exchange for controlled substances. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U. S. Postal Service Express Mail, Federal Express, and United Parcel Service. This profile includes, but is not limited to, the following characteristics: package mailed from or addressed to a narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information which is handwritten; package is mailed to or from a Commercial Mail Receiving Agency (CMRA); package is addressed from an individual to an individual; phone numbers listed on the package are not related to the listed parties or are not in service; packages are wrapped and/or heavily taped; frequency of the mailings is inconsistent with normal use absent a business relationship; and the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address." (ECF No. 111 at PageID 1562–63.)

(affiant) did not provide an exhaustive list of factors to intentionally mislead the issuing magistrate to believe that (perhaps) an unknown characteristic justifies concluding the parcel was suspicious. (ECF No. 139 at PageID 1980.)

Here, Ombisi is not entitled to a *Franks* hearing for several reasons.  First, the list of characteristics discussed in the Affidavit is not material to the probable cause determination because the law does not require the issuing magistrate judge to consider them.  Put differently, while the listed characteristics may indicate to *USPIS* that a parcel has a "*high probability*" of being involved in an illegal drug transaction, the issuing Magistrate need only find that a "*fair probability*, given the *totality of the circumstances*, that . . . evidence of a crime will be found in a particular place.'" *Perry*, 864 F.3d at 415 (quoting *Brown*, 732 F.3d at 572) (emphasis added).  To require, as Ombisi requests, a magistrate judge to limit her probable cause assessment of the totality of the circumstances in an affidavit to the USPIS characteristics would offend the operative legal standard announced by the U.S. Supreme Court[4] and affirmed by the Sixth Circuit.  *See United States v. Helton*, 35 F.4th 511 (6th Cir. May 24, 2022) (reviewing courts "view[] the search warrant affidavit 'under the totality of the circumstances,' [and] examine its 'four corners' with 'great deference toward' the determination of the judge who issued the search warrant.")

Second, even if the USPIS characteristics were material, Ombisi has not made "a strong preliminary showing that the affiant with an *intention to mislead* excluded *critical* information from the affidavit." *Mays*, 134 F.3d at 815.  For instance, the objection contains no "offer of proof" that Inspector MacDougall rendered his omission with an "intention to mislead" as opposed to

---

[4] Probable cause "is not a high bar," *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)), as it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," *id.* (quoting *Gates*, 462 U.S. at 243–44 n.13).

9

mere "negligence or innocent mistake," which "are insufficient" to warrant a *Franks* hearing. *Franks*, 438 U.S. at 171–72.  Therefore, Ombisi's second objection is hereby **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED**, the objections are **OVERRULED**, and the Motion to Suppress, (ECF Nos. 110 & 111), is **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE